# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 24, 2020

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

157936

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellee,

v

JAMAL DEVONTA BENNETT,
    Defendant-Appellant.

SC:  157936
COA:  328759
Kent CC:  15-000869-FC

_____/

On December 11, 2019, the Court heard oral argument on the application for leave to appeal the April 17, 2018 judgment of the Court of Appeals.  On order of the Court, the application is again considered.  MCR 7.305(H)(1).  In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals as to its conclusion that defendant failed to show that admission of the rap videos was outcome-determinative.

"[A] defendant has the burden of establishing that it is more probable than not that the error in question 'undermined the reliability of the verdict,' thereby making the error 'outcome determinative.' "  *People v Snyder*, 462 Mich 38, 45 (2000), quoting *People v Lukity*, 460 Mich 484, 495-496 (1999) (brackets omitted).  The Court of Appeals here concluded that admission of the rap videos was not outcome-determinative because several witnesses had identified defendant as the shooter.  If defendant's theory of the case had been one of misidentification, then the overwhelming weight of the evidence demonstrating that defendant shot the victim may well have compelled the conclusion that admission of the rap videos was not outcome-determinative.  However, defendant advanced a self-defense and a defense-of-others theory, supported largely by Sammie Butler-Coleman's testimony that the victim and another man had been beating defendant's friend at the time defendant fired the fatal shots.  Thus, defendant's state-of-mind, not his identity, was the principal question before the jury.  And defendant has sustained his burden of showing that, viewing the trial as a whole, admission of the rap videos undermined the reliability of the verdict.  These videos portrayed defendant as a ruthless and menacing threat to the community who would shoot upon the least provocation.  Further, while other

evidence in the record discounted defendant's defense-of-others theory, the prosecutor relied heavily upon the videos to establish defendant's state-of-mind and to satisfy the state's burden of overcoming defendant's prima facie claim that he shot in defense of another. To this point, the prosecutor focused a substantial portion of his closing argument upon the videos, replaying clips of them and drawing comparisons between the lyrics of songs in the videos and the shooting. Finally, the trial court's instruction to the jury that it could rely upon the videos in assessing defendant's motive and intent may well have exacerbated the prejudice caused by admission of the videos.

For the aforementioned reasons, we VACATE defendant's convictions and REMAND this case to the Kent Circuit Court for further proceedings not inconsistent with this order.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2020



Clerk

b0121